```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ERNEST OWENS AND ANITA OWENS,**

        **Plaintiffs,**

**v.**                           **CIVIL ACTION NO. 1:20CV55**
                                                      **(Judge Keeley)**

**THE CITY OF PENNSBORO,**
**a West Virginia Municipal**
**Corporation, and R.T. DAVIS,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I, II, III, IV OF THE
SECOND AMENDED COMPLAINT [DKT. NO. 36]**

      On August 28, 2020, the plaintiffs, Ernest and Anita Owens ("Mr. and Mrs. Owens"), filed their second amended complaint asserting six causes of action (Dkt. No. 34). Counts I and II state § 1983 claims of excessive force against the defendant, R.T. Davis ("Officer Davis"). Count III and IV allege state law claims of false arrest and false imprisonment against Officer Davis. Count V and VI assert that, under <u>Monell v. Department of Social Services, 436 U.S. 658 (1978)</u>, the defendant, the City of Pennsboro, is liable for Officer Davis's conduct.

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), on September 8, 2020, Officer Davis moved to dismiss Counts I, II, III, and IV (Dkt. No. 36). At a scheduling conference held on January 7, 2021, the Court **DENIED** Officer Davis's motion to dismiss Counts I and II and **HELD IN ABEYANCE** the motion as to Counts III

Case 1:20-cv-00055-IMK Document 53 Filed 02/09/21 Page 2 of 7 PageID #: 294

OWENS V. PENNSBORO ET AL                                              1:20CV55

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S MOTION TO DISMISS COUNTS I, II, III, IV OF THE SECOND AMENDED COMPLAINT [DKT. NO. 36]**

and IV. For the reasons that follow, the Court **DENIES** the motion to dismiss Counts III and IV.

### I.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint on the ground that it does not "state a claim upon which relief may be granted." When reviewing the sufficiency of a complaint, the district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). To be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### II.

Mr. and Mrs. Owens have plausibly stated claims for false arrest and false imprisonment, and material questions of fact preclude the Court from determining whether Officer Davis is entitled to qualified immunity at this stage of the litigation.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S MOTION TO DISMISS COUNTS I, II, III, IV OF THE SECOND AMENDED COMPLAINT [DKT. NO. 36]**

**A.**

A plaintiff may state a claim for false arrest if an arrest occurs "when no reasonable officer could believe ... that probable cause exists to arrest that person." Hupp v. Cook, 931 F.3d 307, 318 (4th Cir. 2019) (citing Rogers v. Pendleton, 249 F.3d 279, 290 (4th Cir. 2001). Courts review probable cause determinations pursuant to the totality-of-the-circumstances test. Smith v. Munday, 848 F.3d 248, 253 (4th Cir. 2017). The probable cause inquiry turns on the suspect's conduct as known to the officer and the contours of the offense thought to be committed by that conduct. Id. (citing Graham v. Gagnon, 831 F.3d 176, 184 (4th Cir. 2016)). A court should objectively examine the information available to the officer on the scene to determine whether a reasonably prudent officer with that information would have thought that probable cause existed for the arrest. Id.

"An action for false imprisonment may be maintained where the imprisonment is without legal authority." Riffe v. Armstrong, 197 W. Va. 626, 640 (1996). Moreover, "the detention and restraint may be shown to be unlawful . . . even though the detention is carried out under facially valid authority." Id. at 477.

**B.**

Here, Mr. and Mrs. Owens have pleaded sufficient facts for the Court to infer that a reasonable officer may have known that

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S MOTION TO DISMISS COUNTS I, II, III, IV OF THE SECOND AMENDED COMPLAINT [DKT. NO. 36]**

there was no probable cause for their arrests. Iqbal, 556 U.S. at 678. Officer Davis first responded to an incident between Mr. Owens and another driver (Dkt. No. 34 at 13-14). Mrs. Owens then arrived on scene and attempted to relay information to Officer Davis that would have aided his investigation. Id. at ¶¶ 18-21. Officer Davis, however, grew angry and refused to engage with Mrs. Owens. Id. at ¶¶ 18-23. As Mr. and Mrs. Owens returned to their vehicle pursuant to Officer Davis's direction, Officer Davis attacked Mr. Owens from behind and forcefully arrested him. Id. at ¶¶ 26-32. He also arrested Mrs. Owens. Id. at ¶¶ 33-35. Officer Davis charged Mr. Owens with Obstructing an Officer, Disorderly Conduct, Littering, and Destruction of Property, and charged Mrs. Owens with Obstructing an Officer and Disorderly Conduct. Id. at ¶ 37.

Mr. and Mrs. Owens allege that they attempted to discuss the situation with Officer Davis, and there are no facts to suggest they violated any of his orders or were disruptive during their interaction. Taking the facts in the light most favorable to Mr. and Mrs. Owens,[1] and after objectively examining the information available to Officer Davis at the time he arrested Mr. and Mrs. Owens, the Court concludes that it is plausible a reasonable

---

[1] "In considering a motion to dismiss, the court should . . . view the complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S MOTION TO DISMISS COUNTS I, II, III, IV OF THE SECOND AMENDED COMPLAINT [DKT. NO. 36]**

officer in Officer Davis's position would not have had probable cause to arrest Mr. and Mrs. Owens.

Mr. and Mrs. Owens also have sufficiently pled their false imprisonment claims. In addition to asserting that they were arrested without probable cause, they allege that Officer Davis transported them to the Ritchie County Magistrate Court. Id. at ¶¶ 32, 35, 37. It is therefore plausible that Mr. and Mrs. Owens were detained without legal authority.

C.

At this stage in the litigation, Officer Davis is not entitled to qualified immunity. Under West Virginia law, a public official acting within the scope of his authority may be entitled to qualified immunity from personal liability for official acts. State v. Chase Sec., Inc., 424 S.E.2d 591, 599-600 (W. Va. 1992). An official is not entitled to qualified immunity, however, if his acts are "in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive." W. Va. Bd. Of Educ. v. Marple, 782 S.E.2d 75, 84 (W. Va. 2015); see also Syl. pt. 11, W. Va. Regl Jail & Corr. Fac. Auth. v. A.B., 766 S.E.2d 751 (W. Va. 2014). Where there is no dispute regarding the foundational facts, the ultimate determination as to whether qualified immunity bars a civil action is one of law for the court

Case 1:20-cv-00055-IMK Document 53 Filed 02/09/21 Page 6 of 7 PageID #: 298

OWENS V. PENNSBORO ET AL                                    1:20CV55

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I, II, III, IV OF THE
SECOND AMENDED COMPLAINT [DKT. NO. 36]**

to decide. Syl. pt. 1, Hutchison v. City of Huntington, 479 S.E.2d 649, 654 (W. Va. 1996).

Similarly, under federal law, when evaluating whether a complaint survives a motion to dismiss based on a defense of qualified immunity, the Court must decide "(1) whether a constitutional violation occurred and (2) whether the right violated was clearly established." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)). Whether a right is clearly established is a question of law for the court to decide; whether a reasonable officer would have known the conduct in question violated that right, however, cannot be decided prior to trial if material factual disputes exist. Ray, 948 F.3d at 228-29; see also Hupp, 931 F.3d at 318 ("[A] genuine question of material fact regarding whether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial") (internal quotations omitted).

Here, the parties dispute the critical facts surrounding the circumstances of Mr. and Mrs. Owens's arrests. Officer Davis disputes their description of their attempted discussion with him, their characterization that he was enraged, and their portrayal of their behavior both prior to and during the arrests. Officer Davis also contends that Mr. and Mrs. Owens omitted several important facts from their version of events. But these are factual disputes

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I, II, III, IV OF THE
SECOND AMENDED COMPLAINT [DKT. NO. 36]**

that must be resolved and the Court cannot now determine whether a reasonable officer would have known that the arrest and imprisonment of Mr. and Mrs. Owens violated their rights, or conclude that Officer Davis is entitled to qualified immunity at this stage of the litigation.

## III.

For the reasons discussed, the Court **DENIES** Officer Davis's motion to dismiss Counts I, II, III, and IV of the Second Amended Complaint (Dkt. No. 36).

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to counsel of record by electronic means.

DATED: February 9, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE