```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ERNEST L. OWENS, and**
**ANITA M. OWENS,**

      **Plaintiffs,**

                                            **Civil Action No. 1:20CV55**
**v.**                                                 **(Judge Keeley)**

**R.T. DAVIS,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

For the reasons that follow, the Court **DENIES** the defendant's motion for summary judgment (Dkt. No. 81).

### I. Factual Background

On a motion for summary judgment, courts "view the evidence in the light most favorable to the non-moving party" and refrain from "weighing the evidence or making credibility determinations." Lee v. Town of Seaboard, 863 F.3d 323, 327 (4th Cir. 2017) (quoting Jacobs v. N.C. Admin. Off. of the Cts., 780 F.3d 562, 568-69 (4th Cir. 2015)). The Court therefore recites the following facts in the light most favorable to the plaintiff.

On March 26, 2019, the plaintiff, Ernest L. Owens ("Owens"), was driving in Ritchie County, West Virginia, when he noticed that he was being followed by another vehicle (E. Owens Depo. 34). Wanting to stop in an area with people, Owens pulled into the

**OWENS v. DAVIS**                                                     1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

parking lot of a nearby grocery store. Id. The other vehicle followed, and the occupants then complained that a pizza box had flown out of Owens's truck bed and damaged their vehicle. Id. After some back and forth, one of the occupants of the other vehicle stated that he was calling the police (Dkt. No. 34 ¶ 14). Because Owens did not believe any of the allegations, he decided to leave the scene (E. Owens Depo. 35-36).

But as Owens began to drive away, the defendant, R.T. Davis ("Officer Davis"), the chief of police for the city of Pennsboro, arrived on the scene and briefly turned on his siren to prevent Owens from leaving the parking lot. Id. at 36. At that point, as Officer Davis was pulling into the parking lot, Owens got out of his vehicle and began walking toward the police cruiser. Id. at 36. Officer Davis then asked Owens for his license and registration. After initially questioning why that was necessary, Owens complied and provided Officer Davis with his license, insurance card, registration card, and concealed carry weapons permit ("CCW permit"). Id. at 36-37. During all this, Officer Davis claims Owens was irate and made it difficult to conduct an investigation (R.T. Davis Depo. 9-12).

2

**OWENS v. DAVIS**                                                                                    **1:20CV55**

## MEMORANDUM OPINION AND ORDER
## DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

While Officer Davis was speaking with the occupants of the other vehicle, Owens called his wife, Anita M. Owens ("Mrs. Owens"), to inform her of the situation (E. Owens Depo. 41). After he told her the name of the company displayed on the side of the vehicle that had followed him, id., she called the company, whose owner told her he did not wish to make a claim against Owens, stating he would send a company representative to the parking lot to confirm that (A. Owens Depo. 9-10). Following that call, Mrs. Owens decided to go meet her husband at the parking lot. Id. 10-11.

After Mrs. Owens arrived, she and Owens walked over to Officer Davis's police cruiser, at which point Mrs. Owens attempted to inform Officer Davis about her conversation with the owner of the company (A. Owens Depo. 11-12; E. Owens Depo. 42-43). Exactly what happened next is the subject of considerable dispute. The Owenses contend that Officer Davis became enraged at them and threatened to arrest them for obstructing an officer (A. Owens Depo. 12-13; E. Owens Depo. 43). According to the Owenses, Officer Davis then directed Owens to return to his vehicle (A. Owens Depo. 15; E. Owens Depo. 43). But when Owens began to do so, Officer Davis and

**OWENS v. DAVIS**                                                    1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

another officer on the scene tackled him. The Owenses claim that the officers slammed Owens against his vehicle, threw him to the ground, kneed him in the back, and only then placed him under arrest. (A. Owens Depo. 15-17; E. Owens Depo. 44-45). As for Mrs. Owens, she too was arrested and claims that Officer Davis shoved her into the side of his police cruiser and handcuffed her too tightly (A. Owens Depo. 18-19; E. Owens Depo. 56-57).

According to the narrative attached to Officer Davis's police report, when he told Mrs. Owens that the decision of the company owner not to file a claim was irrelevant, she became belligerent toward him (Dkt. No. 82-3 at 26). He then instructed her that further interference would result in her arrest for obstructing an officer and disorderly conduct. Id. Owens subsequently began to yell and used profane language. Id. Officer Davis contends that he gave Owens the same instruction he had given to Mrs. Owens, but, after Owens made another profane comment, he placed Owens under arrest. Id. When Owens then began to move toward his vehicle, based on their belief that Owens possibly had a weapon there, Officer Davis and the other officer restrained him to gain control of the situation. Id. at 27.

4

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

While the officers were attempting to restrain Owens, Officer Davis's report asserts Mrs. Owens came within six inches of them, yelling that she was recording the incident. Id. When Officer Davis instructed her to back away, she refused and that is when he placed her under arrest. Id. When he subsequently asked Mrs. Owens to place her hands behind her back to be handcuffed, she refused, and he forcibly handcuffed her. Id.

Because of the distance and the lack of sound, the video of the incident from a nearby security camera clarifies little about the disputed facts (Dkt. No. 82 Ex. E). Indeed, it confirms only that the two officers wrestled with Owens as he walked away from them and that, as Owens was being brought to the ground, Mrs. Owens rushed toward all three men. Id.

Following the Owenses' arrests, Officer Davis filed a criminal complaint in the Magistrate Court of Ritchie County, West Virginia, alleging that they had committed the offenses of (1) Obstruction, in violation of W. Va. Code § 61-5-17, and (2) Disorderly Conduct, in violation of W. Va. Code § 61-6-1b (Dkt. No. 34 ¶ 37). Later, another officer charged Owens with Littering,

in violation of W. Va. Code § 17C-14-14(a). Id. All three of these charges were later dismissed by the magistrate judge. Id.

## II. Procedural Background

Initially, the Owenses sued Officer Davis and the City of Pennsboro, asserting that (1) pursuant to 42 U.S.C. § 1983, Officer Davis violated Owens's Fourth Amendment rights by arresting him without probable cause and using excessive force during the arrest; (2) pursuant to 42 U.S.C. § 1983, Officer Davis violated Mrs. Owens's Fourth Amendment rights by arresting her without probable cause and using excessive force during the arrest; (3) under West Virginia law, Officer Davis falsely arrested and falsely imprisoned Owens; (4) under West Virginia law, Officer Davis falsely arrested and falsely imprisoned Mrs. Owens; (5) pursuant to Monell v. Department of Social Services of New York, 436 U.S. 658 (1978), the City of Pennsboro was liable for failing to discipline Officer Davis for his unconstitutional actions with respect to Owens; and (6) pursuant to Monell, the City of Pennsboro was liable for failing to discipline Officer Davis for his unconstitutional actions with respect to Mrs. Owens (Dkt. No. 34). Ultimately, the Court granted the City of Pennsboro's motion to

6

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

dismiss Counts Five and Six pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 55), thus only the four claims against Officer Davis remain. These are the subject of the instant summary judgment motion, which is fully briefed and ripe for decision.

### III. Standard of Review

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Jacobs v. N.C. Admin. Off. of the Cts., 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice & Procedure § 2728 (3d ed. 1998)).

A motion for summary judgment should be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of his claim or defense upon which he bears the burden of proof. Celotex v. Catrett, 477 U.S. 317, 323 (1986). That is, once the movant shows an absence of evidence on one such element, the nonmovant must then come forward

7

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

with evidence demonstrating there is indeed a genuine issue for trial. Id. at 323-24. The existence of a mere scintilla of evidence supporting the nonmovant's position is insufficient to create a genuine issue; rather, there must be evidence on which a jury could reasonably find for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

## IV. Discussion

**A. Fourth Amendment**

With respect to the Owenses' Fourth Amendment claims, Officer Davis argues that summary judgment is appropriate because those claims lack evidentiary support; alternatively, he contends he is entitled to qualified immunity (Dkt. No. 82 at 8-12). The Owenses respond that summary judgment should be denied because the evidence establishes that Officer Davis lacked probable cause for their

8

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER**
**DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

arrests and used excessive force (Dkt. No. 84-1 at 5-12). Nor, they argue, is Officer Davis entitled to qualified immunity. Id.

To succeed on a § 1983 claim, the plaintiffs must show that (1) they were deprived of a right "secured by the Constitution and the laws" of the United States; and (2) the individual who deprived them of the right was acting under color of state law. Lugar v. Edmonson Oil Co., 457 U.S. 922, 930 (1982) (internal citations omitted). Generally, a public employee acts under color of state law "while acting in his official capacity or while exercising his responsibilities pursuant to state law." Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994) (quoting West v. Atkins, 487 U.S. 42, 50 (1988)). Section 1983, however, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, at 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)).

In this case, the Owenses claim that Officer Davis violated their clearly-established Fourth Amendment rights by falsely arresting them and by employing excessive force in the course of

the arrest. There is no dispute that Officer Davis was acting under color of state law.

Because Officer Davis contends that there is a lack of evidentiary support for the Owenses' Fourth Amendment claims, he argues that the Court can resolve his motion for summary judgment without reaching the issue of qualified immunity. But because the qualified immunity analysis necessarily involves an examination of whether a constitutional violation occurred, the Court will collapse the Fourth Amendment inquiry into the qualified immunity analysis. Dodds v. Richardson, 614 F.3d 1185, 1193-94 (10th Cir. 2010) (concluding that the legal analysis to demonstrate a constitutional violation under § 1983 and with respect to qualified immunity "is often related, if not identical").

"The doctrine of qualified immunity shields government officials from liability for civil damages when their conduct does not violate clearly established constitutional or other rights that a reasonable officer would have known." Hupp v. Cook, 931 F.3d 307, 317 (4th Cir. 2019) (quoting Sims v. Labowitz, 885 F.3d 254, 260 (4th Cir. 2018)). Accordingly, "[a]n official is not entitled to qualified immunity if he or she deprived an individual

**OWENS v. DAVIS**                                                    **1:20CV55**

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

of a constitutional right and that right was clearly established at the time of the violation." Id. (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). The qualified immunity analysis therefore entails two determinations: (1) whether the plaintiffs' rights were violated; and (2) whether those rights were clearly established. Id.

**1. False Arrest**

"[I]f a person is arrested when no reasonable officer could believe . . . that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." Hupp, 931 F.3d at 318 (quoting Rogers v. Pendleton, 249 F.3d 279, 290 (4th Cir. 2001)). "Probable cause is determined by a 'totality-of-the-circumstances' approach." Id. (quoting Smith v. Munday, 848 F.3d 248, 253 (4th Cir. 2017)). However, that determination turns on two factors: (1) the suspect's conduct as known to the officer; and (2) the contours of the offense of arrest. Id.

Here, examining the contours of the offenses, the Owenses were arrested for obstructing an officer and engaging in disorderly conduct (Dkt. No. 34 ¶ 37). In West Virginia, "[a] person who by

11

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

threats, menaces, acts, or otherwise forcibly or illegally hinders or obstructs or attempts to hinder or obstruct a law-enforcement officer . . . acting in his or her official capacity is guilty of a misdemeanor." W. Va. Code § 61-5-17(a). The Supreme Court of Appeals of West Virginia has confirmed that obstructing an officer requires "forcible or illegal conduct that interferes with a police officer's discharge of official duties." State v. Davis, 735 S.E.2d 570, 573 (W. Va. 2012) (quoting State v. Carney, 663 S.E.2d 606, 611 (W. Va. 2008)). In the absence of force, "the key to determining whether conduct . . . constitutes the offense of obstruction under [W. Va. Code § 61-5-17] is whether the conduct at issue is illegal." State v. Carney, 663 S.E.2d 606, 610 (W. Va. 2008). Consequently, "lawful speech will not support an obstruction charge." Id. at 611. Specifically, an individual who speaks to an officer "without the use of fighting or insulting words or other opprobrious language" has not committed the offense of obstruction. Syl. Pt., State ex rel. Wilmoth v. Gustke, 373 S.E.2d 484 (W. Va. 1988).

A genuine dispute of material fact exists regarding whether Officer Davis had probable cause to arrest the Owenses for

12

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

obstructing an officer. The Owenses contend that they approached Officer Davis and informed him that the company owner did not intend to pursue a claim against Owens. The parties, however, dispute the tone of this conversation. Moreover, after some back and forth between Officer Davis and the Owenses, the parties disagree about whether Officer Davis placed Owens under arrest or directed him to return to his vehicle. Similarly, while video evidence establishes that Mrs. Owens rushed toward her husband and the officers, the parties dispute how Mrs. Owens behaved while her husband was being restrained. Further, they disagree about Mrs. Owens's conduct after the officers placed Owens in the police cruiser.

Regarding the arrest of the Owenses for disorderly conduct, W. Va. Code § 61-6-1b states that

> [a]ny person who, in a public place, . . . disturbs the peace of others by violent, profane, indecent or boisterous conduct or language or by the making of unreasonably loud noise that is intended to cause annoyance or alarm to another person, and who persists in such conduct after being requested to desist by a law-enforcement officer acting in his or her lawful capacity, is guilty of disorderly conduct, a misdemeanor.

13

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

A genuine dispute of material fact exists where it is unclear whether an individual's conduct disturbed "others," excluding law enforcement officers. Maston v. Wagner, 781 S.E.2d 936, 951 (W. Va. 2015).

Here, genuine questions of material fact abound regarding whether others were disturbed by the Owenses when they raised their voices. Without the disturbance of others, Officer Davis would have lacked probable cause to arrest the Owenses for disorderly conduct.

Accordingly, whether Officer Davis had probable cause to arrest the Owenses is in dispute, and the Court therefore **DENIES** summary judgment on these claims of false arrest.

**2. Excessive Force**

The Owenses next contend that Officer Davis violated their clearly-established Fourth Amendment rights by employing excessive force during their arrests. "A claim that a police officer employed excessive force is analyzed under the Fourth Amendment under an 'objective reasonableness' standard." Smith v. Ray, 781 F.3d 95, 100-01 (4th Cir. 2015) (quoting Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc)). Specifically, an officer's actions

14

**OWENS v. DAVIS**                                                    **1:20CV55**

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

"do not amount to excessive force if they 'are "objectively reasonable" in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.'" Id. at 101 (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). Moreover, the facts and circumstances must be analyzed "at the moment that the challenged force was employed." Id.

In addition, the evaluation of an officer's actions "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (quoting Graham, 490 U.S. at 396 (internal quotation marks omitted)). A court "must give 'careful attention to the facts and circumstances of each particular case, including' three factors in particular: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Id. (quoting Graham, 490 U.S. at 396). "Ultimately, the question to be decided is 'whether the totality of the circumstances justifie[s] a particular sort of . . .

15

**OWENS v. DAVIS**                                                              **1:20CV55**

**MEMORANDUM OPINION AND ORDER**
**DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

seizure.'" Id. (quoting Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)).

Here, there are genuine questions of material fact in dispute regarding whether Officer Davis's use of force was objectively reasonable under the circumstances. Turning to the Graham factors, the Owenses were arrested for obstructing an officer and disorderly conduct, both of which are misdemeanors. See W. Va. Code §§ 61-5-17, 61-6-1b. Further, although Officer Davis may have had reason to suspect Owens might have a gun in his vehicle, the Owenses contend that Officer Davis ordered Owens to return to his vehicle. Officer Davis, on the other hand, claims that Owens walked away after he had been placed under arrest.

As to Mrs. Owens, the parties dispute her tone toward the officers throughout the encounter. Further, they disagree as to whether she disobeyed Officer Davis's order to back up when Owens was being arrested, and whether she resisted arrest. Based on such disputed facts, whether Officer Davis's actions were objectively reasonable under the circumstances is a question for a jury to determine. The Court therefore **DENIES** summary judgment on the issue of excessive force.

16

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER**
**DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**B. State Law Claims**

Officer Davis argues that the Owenses lack evidentiary support for their state law claims (Dkt. No. 82 at 6-8). The Owenses have not directly responded to this argument.

Under West Virginia law, "[p]robable cause to make a misdemeanor arrest without a warrant exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to warrant a prudent man in believing that a misdemeanor is being committed in his presence." State v. Forsythe, 460 S.E.2d 742, 744 (W. Va. 1995). Moreover, "[a]n action for false imprisonment may be maintained where the imprisonment is without legal authority." Riffe v. Armstrong, 477 S.E.2d 535, 549 (W. Va. 1996) (quoting Vorholt v. Vorholt, 160 S.E. 916, 918 (W. Va. 1931)).

For the reasons previously discussed, genuine disputes of material fact exist regarding whether Officer Davis had probable cause to arrest the Owenses and, as a result, whether he had the legal authority to detain them. The Court therefore **DENIES** Officer Davis's motion for summary judgment with respect to the Owenses' state-law claims of false arrest and false imprisonment.

17

**OWENS v. DAVIS** 1:20CV55

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### V. Conclusion

For the reasons discussed, the Court **DENIES** Officer Davis's motion for summary judgment.

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Order to counsel of record.

DATED: April 22, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE